UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | | |
|---|---|---|
| THOMAS JOSEPH ISBELL, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 0:18-067-HRW |
| | ) | |
| v. | ) | |
| | ) | |
| J.C. STREEVAL, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Thomas Joseph Isbell is a prisoner confined at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without a lawyer, Isbell has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1]. For the reasons set forth below, the Court will deny Isbell's petition.

In 2008, a jury convicted Isbell of conspiracy to possess with the intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. *See United States v. Thomas Joseph Isbell*, No. 5:06-cr-022, at D. E. No. 606 (W.D.N.C. 2008). The trial court then sentenced Isbell to 262 months in prison. *See id.* at D. E. No. 835. Isbell filed a direct appeal, but the United States Court of Appeals for the Fourth Circuit affirmed the district court's judgment of conviction. *See id.* at D. E. No. 914. Isbell then moved to vacate his sentence pursuant to 28 U.S.C. § 2255, but the trial

1

court denied that motion and the Fourth Circuit denied Isbell a certificate of appealability. *See Thomas Joseph Isbell v. United States*, No. 5:12-cv-042, at D. E. Nos. 21, 32 (W.D.N.C. 2016).

Isbell has now filed a § 2241 petition with this Court. Isbell claims in his petition that the trial court sentenced him as a career offender pursuant to § 4B1.1 of the United States Sentencing Guidelines on the grounds that he had at least two prior felony convictions for either a crime of violence or controlled substance offense. Isbell claims that, in light of recent federal circuit court cases, his prior convictions are not valid predicate offenses for purposes of an enhancement under § 4B1.1. Thus, Isbell argues that his "sentence should be vacated for resentencing without the career offender enhancement." [D. E. No. 1 at 7].

As an initial matter, it appears that the trial court did not actually sentence Isbell as a career offender pursuant to § 4B1.1 of the United States Sentencing Guidelines. In fact, in denying Isbell's § 2255 motion, the trial court clearly stated that Isbell "was *not* sentenced as a career offender." *Thomas Joseph Isbell v. United States*, No. 5:12-cv-042, at D. E. No. 21 at 7 (W.D.N.C. 2016) (emphasis added). Thus, it appears that Isbell's § 2241 petition is simply misplaced.

That said, even if the trial court had sentenced Isbell as a career offender pursuant to § 4B1.1 of the United States Sentencing Guidelines, his § 2241 petition would constitute an impermissible collateral attack on his underlying sentence.

2

While a federal prisoner may challenge the legality of his sentence in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). A § 2241 petition is not typically a way in which a prisoner can challenge his underlying sentence.

It is true that, in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), the Sixth Circuit indicated for the first time that a prisoner may challenge his sentence in a § 2241 petition. However, the court expressly limited its decision to "prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005)." *Hill*, 836 F.3d at 599-600. In this case, the trial court sentenced Isbell in 2009, well after the Supreme Court decided *Booker*. Thus, *Hill* is inapplicable to Isbell's case. *See Arroyo v. Ormond*, No. 17-5837 (6th Cir. April 6, 2018) ("Arroyo was sentenced in October 2006, after the Supreme Court's decision in *Booker* . . . . On this basis alone, Arroyo's claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence."). In short, Isbell's § 2241 petition is simply unavailing.

3

Accordingly, it is **ORDERED** that:

1. Isbell's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

This 15th day of June, 2018.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge